IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HENRY X. RASULALLAH,
ADC #80266                                                                                              PLAINTIFF

VS.                                          CASE NO. 5:03CV151

LARRY B. NORRIS, et al.                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

1

>   hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

>   Mail your objections and "Statement of Necessity" to:
>
>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## **DISPOSITION**

### **I. Introduction**

This matter is before the Court on the defendants' motion for summary judgment (DE #97). Plaintiff has filed responses to the motion (DE ##102, 108).

Plaintiff is a state inmate currently incarcerated at the Pine Bluff Work Complex of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Constitutional right to marry. He also alleged a denial of visitation, a claim which was dismissed by this Court by Order dated December 8, 2004. Plaintiff asks for monetary damages from the defendants.

Specifically, plaintiff alleges that in 2002 while incarcerated at the East Arkansas Regional Unit (EARU), he submitted a request to be married to Ms. Wrelesta Hicks. Plaintiff states that his request was denied by defendant Harmon, without reasons, the day before he was supposed to be

married, on November 29, 2002. Plaintiff alleges that he filed grievances about the matter and received no responses. Plaintiff also alleges that he filed a second request to be married, which was again denied by defendant Harmon on July 30, 2003. Plaintiff and Ms. Hicks were later married on April 25, 2004.

## II. Summary Judgment Motion

### A. Defendants' Motion

In support of their motion, defendants state that plaintiff's complaint against them should be dismissed for the following reasons: 1) plaintiff's claims against them are barred by sovereign immunity, since plaintiff has sued defendants in their official capacities; 2) defendants are protected from liability by qualified immunity, since their initial decisions to deny plaintiff's requests to be married were objectively and legally reasonable; and 3) defendants' decisions to deny plaintiff's first two requests to be married were supported by case law, specifically Turner v. Safley, 485 U.S. 78 (1987), and did not violate plaintiff's constitutional rights.

### B. Plaintiff's Responses

In response, plaintiff states: 1) he sued defendants both in their individual and official capacities, and therefore, his claims are not barred by sovereign immunity; 2) defendants are not protected by qualified immunity because any reasonable person knows that a person has the absolute right to marry and that defendants failed to justify their decision pursuant to ADC policy and procedure; and 3) defendants failed to meet the four-part Turner test justifying their initial decisions to deny his requests to marry.

### C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

**D. Analysis**

In Turner, supra at 89, 95-6, the Court held that "prisoners have a constitutional right to marry, and thus prison regulations that interfere with that right must be reasonably related to legitimate penological interests." The Court then set forth the following factors to determine whether a policy/regulation satisfies the standard:

> (1) whether there is a valid, rational connection between the regulation and the interest asserted; (2) whether alternative means of exercising the right remain open to the prisoner; (3) the effect the requested accommodations will have on guards, other inmates, and the allocation of prison resources; and (4) whether there is some alternative which will accommodate the prisoner's needs with de minimis impact of the prison's asserted interests.

482 U.S. at 87.

In this particular case, defendants state that their initial decisions to deny plaintiff's requests to be married to Ms. Hicks were reasonably related to legitimate penological interests, because Ms. Hicks was formerly employed at EARU, and became friendly with plaintiff while at that Unit. Plaintiff acknowledged in his affidavit that while Ms. Hicks was employed in the infirmary, her job entailed her working from area to area throughout the Unit.  In his affidavit, defendant Harmon states that the initial decision to deny plaintiff's request while he was still incarcerated at EARU was based on Hicks' former employment there, her violation of policy by forming a friendship with an inmate during her employment, and also on security concerns, because as a former employee, Ms. Hicks was privy to the lay-out of the Unit, the times of the inmate counts, and the type of employees employed at various locations throughout the Unit, all of which could lead to a conspiracy to plot an escape.

Defendants also state that the delay of the marriage did not violate plaintiff's constitutional rights, because he was permitted to correspond with Ms. Hicks and also because he was granted telephone privileges with Ms. Hicks, although at the time she did not have a telephone.  Finally, defendants state that the denial of marriage did not impose a denial of or delay in the couples' ability to consummate their marriage, since conjugal visits are not permitted at the ADC.

Applying these undisputed facts to the Turner factors set forth above, the Court finds that defendants' actions did not violate plaintiff's rights. Defendants established a rational connection between their initial denials, by virtue of the security concerns involving a former employee. Although alternative means initially were not available, as defendants investigated the relationship between plaintiff and the former employee, plaintiff was not prohibited from corresponding with or communicating with Ms. Hicks. The defendants stated that the accommodation would have affected

5

many of the security measures at the EARU, requiring changes in shift assignments, times of counts, and closer surveillance of the plaintiff and defendants ultimately accommodated plaintiff, by transferring him to another Unit and permitting him to marry Ms. Hicks.  Balancing these factors, the Court  finds that defendants did not violate plaintiff's constitutional rights by initially refusing his requests to marry and that defendants are entitled to judgment as a matter of law on plaintiff's complaint against them.    Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #97) is hereby GRANTED and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS SO ORDERED this 27th day of March, 2006.

*/s/ Henry L. Jones, Jr.*
United States Magistrate Judge